United States District Court
Southern District of Texas
**ENTERED**
June 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § | Case No. 24-90123 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors and Appellees. | § | |

| | | |
|---|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS, TRACO INTERNATIONAL GROUP S. DE R.L., AND DR. MANISHA PUROHIT, *et al*., | § § § § § | Lead Case: Civil Action No. 25-cv-02825  Consolidated with: Civil Action No. 25-cv-02829 |
| Appellants. | § | Civil Action No. 25-cv-02901 |

| | | |
|---|---|---|
| THE COMMONWEALTH OF MASSACHUSETTS, | § § | Civil Action No. 25-cv-03754 |
| | § | |
| Appellant. | § | |

| | | |
|---|---|---|
| KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE FOR REGION 7, | § § | Civil Action No. 25-cv-03755 |
| | § | |
| Appellant. | § | |

| | | |
|---|---|---|
| TRACO INTERNATIONAL GROUP S. DE R.L., | § § | Civil Action No. 25-cv-03757 |
| | § | |
| Appellant. | § | |

| | | |
|---|---|---|
| DR. MANISHA PUROHIT, *et al*., | § § | Civil Action No. 25-cv-03824 |
| Appellant. | § | |

| | | |
|---|---|---|
| DR. MANISHA PUROHIT, *et al*., | § § | Civil Action No. 25-cv-03830 |
| Appellant. | § | |

**ORDER ABATING MERITS BRIEFING, DEFERRING CONSIDERATION OF
CERTAIN PENDING MOTIONS, AND REQUIRING STATUS REPORTS**

On May 27, 2026, the Court held a status conference regarding (i) the above-captioned

appeals (the "Steward Appeals") of orders entered by the United States Bankruptcy Court for the

110099729

Southern District of Texas (the "Bankruptcy Court") in the chapter 11 cases of Steward Health Care System LLC, *et al*. (the "Debtors"); (ii) motions pending in the Steward Appeals; and (iii) the ongoing mediation among certain parties and parties in interest to the Steward Appeals.

The following parties and parties in interest to the Steward Appeals participated in the status conference: (i) Appellees Monica Blacker, Alan J. Carr, and William Transier, in their capacity as sole members of the Plan Administrator Committee, trustee of the SHC Plan Administrator Trust (the "Plan Trust"), successor in interest to the Debtors; (ii) Appellant Commonwealth of Massachusetts (the "Commonwealth"); (iii) Appellant TRACO International Group S. de R.L. ("TRACO"); (iv) Appellants Drs. Manisha Purohit, Diane Paggioli, James Thomas, Thomas Ross, Michael Regan, Peter Lydon, Sridhar Ganda, A. Ana Beesen, Benoy Zachariah, Barry Arkin, Bruce Kriegel, Gary Miller, Jennifer Skolnick, Stephen McElroy, Robert Dart, Robert Lowenstein, and Irina Kogan for themselves and other participants in and beneficiaries of certain of the Debtors' deferred compensation plans (the "Participants"); (v) Appellant Kevin M. Epstein, the United States Trustee for Region 7 (the "UST"); (vi) the Official Committee of Unsecured Creditors (the "UCC") as a party in interest; and (vii) holders of the Class A interests in the SHC Creditor Litigation Trust (the "Class A Trust Beneficiaries") as parties in interest.

The Steward Appeals include:

(a)     the appeals by the Commonwealth, TRACO, and the Participants from the Bankruptcy Court's order approving a settlement with the Debtors' lenders [Bankr. ECF No. 5035], docketed as Civil Action Nos. 25-cv-02825, 25-cv-02829, and 25-cv-02901 (the "Settlement Appeals");

2

110099729

(b)     the appeal by the UST from the Bankruptcy Court's order authorizing plan solicitation [Bankr. ECF No. 5036], docketed as Civil Action No. 25-cv-03755 (the "Solicitation Appeal");

(c)     the appeals by the Commonwealth, the UST, TRACO, and the Participants from the Bankruptcy Court's order confirming the Debtors' chapter 11 plan [Bankr. ECF No. 5774], docketed as Civil Action Nos. 25-cv-03754, 25-cv-03755, 25-cv-03757, and 25-cv-03830 (the "Confirmation Appeals"); and

(d)     the appeals by the UST and the Participants from the Bankruptcy Court's order denying motions to dismiss or convert the Debtors' chapter 11 cases [Bankr. ECF No. 5772], docketed as Civil Action Nos. 25-cv-03755 and 25-cv-03824 (the "Dismissal Appeals").

In the Steward Appeals, the following motions are pending:

(a)     *The Commonwealth, TRACO, and Participants' Joint (I) [Opposed] Motion to Consolidate Appeals of the Settlement Order, Solicitation Order, Dismissal Order, and Confirmation Order; and (II) Opposed Motion to Certify for Direct Appeal* in the Confirmation Appeal [Civil Action No. 25-cv-03754, ECF No. 2] (the "Motion to Consolidate and Certify");

(b)     the *Appellees' Motion to Dismiss the Appeals as Moot* in the Settlement Appeals [Civil Action No. 25-cv-02825, ECF No. 22] (the "Motion to Dismiss"); and

(c)     the *Motion of the Official Committee of Unsecured Creditors to Amend Mediation Order to Allow the Participation of the Official Committee of Unsecured Creditors* in the Confirmation Appeals [Civil Action No. 25-cv-03754, ECF No. 26] (the "UCC's Motion").

110099729

On February 6, 2026, the Court entered an order in Civil Action No. 25-cv-03754 at ECF No. 24 (the "Mediation Order") directing the Plan Trust, the SHC Creditor Litigation Trust, the Class A Trust Beneficiaries, and the Commonwealth to mediate the Commonwealth's Settlement Appeal and Confirmation Appeal pending in this Court and claim disputes and other litigation pending in the Bankruptcy Court (the "Mediation") and appointed the Honorable Michelle Harner of the United States Bankruptcy Court for the District of Maryland as mediator (the "Mediator").

At the status conference, the Court considered the *Mediator Interim Status Report* [Civil Action No. 25-cv-03754, ECF No. 35] and the parties' positions as to (i) whether the Steward Appeals should proceed to merits briefing; (ii) whether the Court should consider the Motion to Consolidate and Certify and the Motion to Dismiss at this time; and (iii) whether the UCC should be allowed to participate in the Mediation.

The Court concluded that the Mediation should continue, that a status report regarding the Mediation and Steward Appeals should be filed on July 13, 2026 and every 45 days thereafter, and that consideration of other matters involving the Steward Appeals, including the Motion to Consolidate and Certify and the Motion to Dismiss, should be deferred pending further order of the Court. The Court also concluded that it would defer to the Mediator as to whether, when, and how the UCC might participate in the Mediation.

**IT IS THEREFORE ORDERED:**

1.    Merits briefing in each of the Steward Appeals is abated pending further order of the Court.

2.    Consideration of the Motion to Consolidate and Certify and the Motion to Dismiss is deferred pending further order of the Court.

110099729

3.    The Mediation Order is modified as follows:

   a.  The UCC may participate in relevant portions of the Mediation at the discretion of the Mediator to the extent issues arise in the Mediation that require the UCC's input.

   b.  The Mediator, the Plan Trust, the SHC Creditor Litigation Trust, the Class A Trust Beneficiaries, or the Commonwealth, in their respective discretion, may disclose Mediation Information (as defined in the Mediation Order) to the UCC.

   c.  In the event the UCC participates in the Mediation or receives Mediation Information, the UCC shall become subject to all the provisions of the Mediation Order.

4.    The parties to the Mediation shall file a status report regarding the Mediation by July 13, 2026, and every 45 days thereafter so long as the Mediation continues (each, a "Status Report"), to (i) provide an update on the Mediation, which can take the form of a report prepared by the Mediator, while respecting the confidentiality protections and privileges set forth in the Mediation Order and (ii) identify the Mediator's position on whether the relief requested in the UCC's Motion should be granted, to the extent necessary.

5.    The UCC's Motion is denied without prejudice.  If the UCC is not a party to the Mediation before July 13, 2026, it may file a written statement reasserting the relief requested in the UCC's Motion at such time or thereafter.

6.    Parties to the Steward Appeals that believe their appeals should be considered while the Mediation is ongoing may file a motion seeking such relief by July 13, 2026.

110099729

6

7.      If the Court deems it necessary or appropriate after considering a Status Report, it may schedule a further status conference or enter such further order as it deems appropriate.

**IT IS SO ORDERED** this 9th day of   June      , 2026.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

6

110099729