**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re:<br><br>STEWARD HEALTH CARE SYSTEM LLC, *et al.*,<br><br>   Debtors and Appellees. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 24-90123 (CML)<br><br>(Jointly Administered) |
| THE COMMONWEALTH OF MASSACHUSETTS, TRACO INTERNATIONAL GROUP S. DE R.L., AND DR. MANISHA PUROHIT, *et al.*,<br><br>   Appellants. | §<br>§<br>§<br>§<br>§<br>§ | Lead Case:<br>Civil Action No. 25-cv-02825<br><br>Consolidated with:<br>Civil Action No. 25-cv-02829<br>Civil Action No. 25-cv-02901 |
| THE COMMONWEALTH OF MASSACHUSETTS,<br><br>   Appellant. | §<br>§<br>§<br>§ | Civil Action No. 25-cv-03754 |
| KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE FOR REGION 7,<br><br>   Appellant. | §<br>§<br>§<br>§ | Civil Action No. 25-cv-03755 |
| TRACO INTERNATIONAL GROUP S. DE R.L.,<br><br>   Appellant. | §<br>§<br>§<br>§ | Civil Action No. 25-cv-03757 |
| DR. MANISHA PUROHIT, *et al.*,<br><br>   Appellant. | §<br>§<br>§ | Civil Action No. 25-cv-03824 |
| DR. MANISHA PUROHIT, *et al.*,<br><br>   Appellant. | §<br>§<br>§ | Civil Action No. 25-cv-03830 |

**PARTICIPANTS' MOTION FOR RELIEF FROM ABATEMENT OF MERITS BRIEFING AND DEFERRAL OF CONSIDERATION OF PENDING <u>MOTION</u>**

Appellants Drs. Manisha Purohit, Diane Paggioli, James Thomas, Thomas Ross, Michael Regan, Peter Lydon, Sridhar Ganda, A. Ana Beesen, Benoy Zachariah, Barry Arkin, Bruce Kriegel, Gary Miller, Jennifer Skolnick, Stephen McElroy, Robert Dart, Robert Lowenstein, and Irina Kogan for themselves and other participants in and beneficiaries of certain of the Debtors' deferred compensation plans (collectively, the "Participants"), by and through undersigned counsel, submit this Motion, pursuant to the Abatement Order (as defined below), seeking relief from the abatement of briefing deadlines and deferral of consideration of the Motion to Consolidate and Certify (as defined below) pending before this Court.  The Participants additionally join in and adopt the arguments raised in the *Motion of Appellant Kevin M. Epstein, United States Trustee, to Lift Abatement of Merits Briefing* [Civil Action No. 25-cv-03755, ECF No. 22] filed by Kevin M. Epstein, the United States Trustee for Region 7 (the "UST"), which requests similar relief. In support of the Motion, the Participants state as follows:

### BACKGROUND

Before the Court are several appeals (collectively, the "Steward Appeals") of orders entered by the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") commenced as early as June 2025 by several parties in interest in the underlying, above-captioned chapter 11 bankruptcy cases of Steward Health Care System LLC and its affiliates (collectively, the "Debtors").  The Steward Appeals include:

(a)    the consolidated appeals by the Commonwealth of Massachusetts (the "Commonwealth"), TRACO International Group S. de R.L. ("TRACO"), and the Participants from the Bankruptcy Court's order approving a

settlement with the Debtors' lenders [Bankr. ECF No. 5035], docketed as Civil Action Nos. 25-cv-02825 (lead case), 25-cv-02829, and 25-cv-02901 (the "Settlement Appeals");

(b)     the appeal by the UST from the Bankruptcy Court's order authorizing plan solicitation [Bankr. ECF No. 5036], docketed as Civil Action No. 25-cv-03755 (the "Solicitation Appeal");

(c)     the separate appeals by the Commonwealth, the UST, TRACO, and the Participants from the Bankruptcy Court's order confirming the Debtors' chapter 11 plan [Bankr. ECF No. 5774], docketed as Civil Action Nos. 25-cv-03754, 25-cv-03755, 25-cv-03757, and 25-cv-03830 (the "Confirmation Appeals"); and

(d)     the separate appeals by the UST and the Participants from the Bankruptcy Court's order denying motions to dismiss or convert the Debtors' chapter 11 cases [Bankr. ECF No. 5772], docketed as Civil Action Nos. 25-cv-03755 and 25-cv-03824 (the "Dismissal Appeals").

On February 6, 2026, the Court entered an order in Civil Action No. 25-cv-03754 at ECF No. 24 (the "Mediation Order") directing the Plan Trust (as defined in the Mediation Order), the SHC Creditor Litigation Trust, the Class A Trust Beneficiaries (as defined in the Mediation Order), and the Commonwealth to mediate the Commonwealth's Settlement Appeal and Confirmation Appeal pending in this Court and claim disputes and other litigation pending in the Bankruptcy Court (the "Commonwealth Mediation") and appointed the Honorable Michelle Harner of the United States Bankruptcy Court for the

District of Maryland as mediator (the "Mediator").

Upon request of the Commonwealth, UST, TRACO, and Participants, the Court held a status conference on the Steward Appeals on May 27, 2026 (the "Status Conference"). At the Status Conference, the Court, in relevant part, abated merits briefing in each of the Steward Appeals and deferred consideration of (i) *The Commonwealth, TRACO, and Participants' Joint (I) Unopposed Motion to Consolidate Appeals of the Settlement Order, Solicitation Order, Dismissal Order, and Confirmation Order; and (II) Opposed Motion to Certify for Direct Appeal* in the Confirmation Appeal [Civil Action No. 25-cv-03754, ECF No. 2] (the "Motion to Consolidate and Certify") and (ii) *Appellees' Motion to Dismiss the Appeals as Moot* in the Settlement Appeals [Civil Action No. 25-cv-02825, ECF No. 22] (the "Motion to Dismiss") pending further order of the Court while the Commonwealth Mediation remained ongoing. The Court's rulings were memorialized in the *Order Abating Merits Briefing, Deferring Consideration of Certain Pending Motions, and Requiring Status Reports* [Civil Action No. 25-cv-03754 at ECF No. 42] (the "Abatement Order").[1] *See* Abatement Order ¶¶ 1-2. However, the Abatement Order provided that "[p]arties to the Steward Appeals that believe their appeals should be considered while the [Commonwealth] Mediation is ongoing may file a motion seeking such relief." *Id.* at ¶ 6.

On July 7, 2026, the Bankruptcy Court entered the *Stipulation and Consent Order Regarding Mediation Among Plan Trust, Litigation Trust, TRACO, Creditors' Committee, and Class A Trust Beneficiaries before the Honorable Michelle Herner* [Adversary

---

[1] The Court entered a similar order on the dockets of all Steward Appeals.

Proceeding No. 24-03261, ECF No. 27] (the "Consent Order") authorizing the Plan Trust, the SHC Creditor Litigation Trust, TRACO, the Official Committee of Unsecured Creditors (the "Committee"), and the Class A Trust Beneficiaries to enter into non-binding mediation to attempt to resolve their open disputes, including the Steward Appeals commenced by TRACO (the "TRACO Mediation" and with the Commonwealth Mediation, the "Mediations").

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter under 28 U.S.C. § 158(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

Participants move this Court for relief from the abatement of merits briefing deadlines in the Steward Appeals and deferral of consideration of the Motion to Consolidate and Certify, as applicable to the Participants, notwithstanding the ongoing Mediations.

## BASIS FOR RELIEF

Federal Rules of Bankruptcy Procedure 8013 and 9006, and the Federal Rule of Appellate Procedure 27(a)(3)(B) provide this Court with the ability to manage timing issues related to appeals of Bankruptcy Court orders in its discretion at the request of a party. This Court also has the "inherent" power to hold cases in abeyance, "incidental to the power . . . [of] every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*,

299 U.S. 248, 254 (1936).  Nevertheless, "the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate."  *In re CPDC Inc.*, 221 F.3d 693, 700 (5th Cir. 2000); *see also League of Women Voters of Louisiana v. Landry*, No. CV 25-413-JWD-SDJ, 2025 WL 3516786, at *2 (M.D. La. Dec. 8, 2025) ("A court must also be mindful of its paramount obligation to timely hear the cases on its docket." (internal citation and quotations omitted)).  Prejudice to non-moving parties must be considered when evaluating timing issues or abatements to deadlines.  *See, e.g.*, *League of Women Voters*, 2025 WL 3516786 (when evaluating whether to stay proceedings pending approval of a government agency, holding that a clear showing by non-moving parties of prejudice by the stay weighed against granting the stay where other "competing interests" were not clearly demonstrated).

This request for relief is sought in the interest of justice, and no party will be prejudiced if the requested relief is granted because the Mediations are wholly distinct from the Steward Appeals involving the Participants; the Mediations, even if successful, will not resolve any issue existent in the Participants' appeals. In other words, the Participants' appeals are and will be completely unaffected by the Mediations and will still transpire irrespective of the outcome of the Mediations.  Nothing in the precedential case law, federal law, or federal rules (bankruptcy or otherwise) requires that all Steward Appeals need to be stayed while the Mediations continue.  Pausing adjudication of all Steward Appeals while the Mediations remain ongoing,[2] particularly when parties to the Mediations have

---

[2] In fact, there is no clear indication of when the Mediations would even conclude.  See,

not clearly demonstrated the need to pause such adjudication, unduly prejudices parties unrelated to the Mediations, including the Participants, and needlessly delays pending appeals, in contravention of the Court's "primary goal."

Therefore, to maximize judicial efficiency and ensure the swift and efficient resolution of the Steward Appeals, and given that at least some of these appeals have been pending for roughly a year, determination on consolidation of (at least some of) the appeals, particularly as they relate to the Participants (and, in fact, any other parties not involved in the Mediations), is warranted.  Once consolidated, the Court can then establish a new briefing schedule tailored in the most efficient manner to resolve the issues presented in the Dismissal, Confirmation, and Settlement Appeals accordingly.

## **CONCLUSION**

WHEREFORE, Participants respectfully request that the Court grant the relief requested herein, make a determination on the Motion to Consolidate and Certify, and reinstate briefing deadlines in the Steward Appeals as they relate to the Participants and grant such other relief as the Court deems just and proper.

*[Signature page to follow]*

Dated:  July 10, 2026

---

for example, the Abatement Order, which provides that "parties to the [Commonwealth] Mediation shall file a status report regarding the [Commonwealth] Mediation by July 13, 2026, *and every 45 days thereafter so long as the [Commonwealth] Mediation continues*[.]" (emphasis added).

*/s/ Brian R. Hogue*

Allan B. Diamond, Esq.
Christopher D. Johnson, Esq.
Brian R. Hogue, Esq.
Diamond McCarthy, LLP
2200 Post Oak Boulevard, Suite 1000
Houston, TX  77056-4716
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
Email: brian.hogue@diamondmccarthy.com
       allan.diamond@diamondmccarthy.com
       chris.johnson@diamondmccarthy.com

Robert J. Keach, Esq., *admitted pro hac vice*
Lindsay K. Milne, Esq.
Letson D. Boots, Esq., *admitted pro hac vice*
Jennifer Novo, Esq., *admitted pro hac vice*
Verrill Dana LLP
One Portland Square, 10th Floor
Portland, ME  04101
Telephone: (207) 774-4000
Facsimile: (207) 774-7499
Email:
       rkeach@verrill-law.com
       lmilne@verrill-law.com
       lboots@verrill-law.com
       jnovo@verrill-law.com

*Counsel for the Participants / Appellants*

8

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) and this Court's Court Procedures because, excluding the parts of the document excluded from calculation under Federal Rule of Bankruptcy Procedure 8015(g), it contains 1,546 words; and (2) the typeface and type-style requirements of Federal Rule of Bankruptcy Procedure 8013(f) and this Court's Court Procedures because this document has been prepared in a proportionally spaced typeface (13-point Times New Roman) using Microsoft Word (the same program used to calculate the word count).

/s/ *Brian R. Hogue*
*Counsel for Participants*

## CERTIFICATE OF CONFERENCE

Undersigned counsel understands from the statements made by counsel for the Commonwealth and Appellees at the May 27, 2026 status conference that this motion is opposed.

*/s/ Brian R. Hogue*
*Counsel for Participants*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, I caused the foregoing motion to be filed via the Court's CM/ECF system and it was served by the Court's electronic noticing service to all parties registered to receive ECF notice. I also caused this motion to be served upon the following via first-class mail:

Clifford W. Carlson
Stephanie N. Morrison
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 3700
Houston, TX 77002-2755

Jeffrey D. Saferstein
Gregory Silbert
Robert S. Berezin
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

David J. Cohen
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
*Counsel for Appellee Steward Health Care System LLC*

Sarah A. Shultz
AKIN GUMP STRAUSS HAUER & FELD LLP
2300 North Field Street Suite 1800
Dallas, TX 75201
*Counsel for Appellee Official Committee of Unsecured Creditors of Steward Health Care System LLC*

Andrew M. Leblanc Brett P. Lowe
MILBANK LLP
1101 New York Avenue, NW
Washington D.C. 20005-4269
*Counsel for Appellee the FILO Secured Parties*

10

Hugh M. McDonald
Andrew M. Troop
PILLSBURY WINTHROP SHAW PITTMAN
31 West 52nd Street
New York, NY 10019 6131

L. James Dickinson
PILLSBURY WINTHROP SHAW PITTMAN
609 Main Street, Suite 2000
Houston, TX 77002
*Counsel for the Commonwealth of Massachusetts*

Timothy W. Walsh
Michele Lynne Jacobson
STEPTOE LLP
1114 Avenue of the Americas
New York, NY 10036
*Counsel for TRACO International Group S. de R.L.*

Kevin M. Epstein
United States Trustee for Region 7
Department of Justice
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77702

Sumi Sakata
Department of Justice
Executive Office of the United States Trustees
441 G Street, NW, Suite 6150
Washington, DC 20530
*Counsel for the United States Trustee*

*/s/ Brian R. Hogue*
*Counsel for Participants*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| STEWARD HEALTH CARE SYSTEM LLC, *et al.*, | § | Case No. 24-90123 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors and Appellees. | § | |
| THE COMMONWEALTH OF MASSACHUSETTS, TRACO INTERNATIONAL GROUP S. DE R.L., AND DR. MANISHA PUROHIT, *et al.*, | § § § § | Lead Case: Civil Action No. 25-cv-02825 Consolidated with: Civil Action No. 25-cv-02829 |
| Appellants. | § | Civil Action No. 25-cv-02901 |
| THE COMMONWEALTH OF MASSACHUSETTS, | § § § | Civil Action No. 25-cv-03754 |
| Appellant. | § | |
| KEVIN M. EPSTEIN, THE UNITED STATES TRUSTEE FOR REGION 7, | § § § | Civil Action No. 25-cv-03755 |
| Appellant. | § | |
| TRACO INTERNATIONAL GROUP S. DE R.L., | § § § | Civil Action No. 25-cv-03757 |
| Appellant. | § | |
| DR. MANISHA PUROHIT, *et al.*, | § § | Civil Action No. 25-cv-03824 |
| Appellant. | § | |
| DR. MANISHA PUROHIT, *et al.*, | § § | Civil Action No. 25-cv-03830 |
| Appellant. | § | |

## ORDER GRANTING PARTICIPANTS' MOTION FOR RELIEF FROM ABATEMENT OF MERITS BRIEFING AND DEFERRAL OF CONSIDERATION OF PENDING MOTION

The Court, having considered the *Participants' Motion for Relief from Abatement of Merits Briefing and Deferral of Consideration of Pending Motion* (the "Motion") filed by the Participants,[1] and finding cause, hereby orders that:

1.     The Motion is **GRANTED** as follows.

2.     An order (the "Consolidation Order") on the Motion to Consolidate and Certify shall be entered consolidating the Steward Appeals docketed in this Court under Case Nos. 4:25-cv-02901, 4:25-cv-03755, 4:25-cv-03824, and 4:25-cv-03830 (collectively, the "Consolidated Appeals").

3.     The briefing deadlines in the Consolidated Appeals shall be as follows:

   a.     The Participants and UST shall file their opening briefs on or before 30 days from the date of the Consolidation Order.

   b.     The appellees' briefs must be filed within thirty (30) days after service of the Participants and UST's briefs.

   c.     The Participants and UST may file reply briefs within twenty-one (21) days after service of the appellees' briefs.

   d.     The parties may request further reasonable extensions of the above schedule, subject to further order(s) of this Court.

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meaning as ascribed to in the Motion.

**IT IS SO ORDERED** this ___ day of _____, 2026.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

3