**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **STEWARD HEALTH CARE SYSTEM LLC, *et al.*,** | § | **Case No. 24-90213 (CML)** |
| | § | **(Jointly Administered)** |
| **Debtors and Appellees.**[1] | § | |
| **THE COMMONWEALTH OF MASSACHUSETTS, TRACO INTERNATIONAL GROUP S. DE R.L., AND DR. MANISHA PUROHIT, *et al.*,** | § | **Lead Case:** **Civil Action No. 25-cv-02825** |
| | § | **Consolidated with:** **Civil Action No. 25-cv-02829** **Civil Action No. 25-cv-02901** |
| **Appellants.** | § | |
| **DR. MANISHA PUROHIT, *et al.*,** | § | **Civil Action No. 25-cv-03824** |
| **Appellants.** | § | |
| **DR. MANISHA PUROHIT, *et al.*,** | § | **Civil Action No. 25-cv-03830** |
| **Appellants.** | § | |

## APPELLEES' RESPONSE IN OPPOSITION TO MOTION TO LIFT ABATEMENT OF MERITS BRIEFING

Appellees respectfully submit this response in opposition to the Plan Participants' Motion to Lift Abatement (Civ. No. 25-2825, ECF No. 34) (the "Motion").

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is: 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204. The Plan Trust, the successor in interest to Steward Health Care System LLC and its affiliated Debtors, was formed on August 27, 2025. *See* Bankr. Doc. No. 5955.

Plan Participants filed the Motion less than eight weeks after their previous motion to lift the abatement of merits briefing. That initial motion came barely a month after the Court initially abated briefing pending the result of mediations that could substantially narrow the appeals. The Court has not yet acted on Plan Participants' initial motion, and their renewed motion should similarly be rejected. Despite Plan Participants' selective presentation of Judge Harner's August 27 mediation progress report, that report underscored the appropriateness of the Court's case-management strategy. Judge Harner explained that the parties to the Commonwealth mediation "have made significant progress towards a resolution," and "only a few issues . . . remain unresolved." *See* Civ. No. 25-3754, ECF No. 46 ("August 27 Status Report") at 1. The "parties would benefit from additional time to complete the mediation," and she would "continue to encourage frequent conversations regarding, and a prompt resolution of, these remaining issues." *Id.* at 2. The abatement strategy is working, and Plan Participants' attempt to disrupt it should be rejected.

## BACKGROUND

As the Court knows, Steward filed its chapter 11 cases in May 2024, and these appeals arise from four connected rulings: the orders approving the FILO lender settlement, authorizing solicitation of the plan, confirming the plan, and denying dismissal or conversion. The Commonwealth, TRACO, and the Plan Participants appealed the Settlement Order; the Commonwealth, the UST, TRACO, and the Plan Participants appealed the Confirmation Order; the UST belatedly also challenges the Solicitation Order.

At all stages, Appellants have marched together hand in hand. At Appellants' request, the Settlement Appeals were initially abated while they prepared a motion to consolidate all four sets of appeals and seek direct review. Civ. No. 25-2825, ECF No. 19; Civ. No. 25-3754, ECF No. 2. Appellants also repeatedly aligned or extended opening-brief deadlines so the appeals could proceed together. *See* Civ. No. 25-3754, ECF Nos. 16–17; Civ. No. 25-3755, ECF Nos. 11–14, 16.

On February 6, 2026, the Court appointed Judge Michelle Harner to mediate the Commonwealth's Settlement and Confirmation Appeals together with related claim disputes and litigation involving the Plan Trust, Litigation Trust, and Class A Trust Beneficiaries. Civ. No. 25-3754, ECF No. 24. In light of the ongoing mediation, the Court abated merits briefing and deferred consideration of the consolidation/certification and mootness motions. *See generally* Civ. No. 25-3755, ECF No. 21 (the "Abatement Order"). In order to ensure efficiency and preparedness to resume the appeals if mediation fails, the Court also required status reports to be filed every 45 days, beginning July 13. *Id.* at 5. Judge Harner filed her first status report pursuant to the Court's order on July 13, 2026. Civ. No. 25-3754, ECF No. 45. She explained that the parties had "exchanged constructive settlement proposals," but concluded that "the parties need additional time in Massachusetts Mediation to reach their end objective or, alternatively, to determine that a global settlement is not possible." *Id.* at 2.

The mediation has continued with Judge Harner's regular involvement, and, on August 27, she provided a favorable update to the Court. *See generally* August 27 Status Report. Judge Harner explained that the parties "have made significant progress towards a

resolution" and "only a few issues . . . remain unresolved." *Id.* at 1. Judge Harner wrote that the "parties would benefit from additional time to complete the mediation," and she would "continue to encourage frequent conversations regarding, and a prompt resolution of, these remaining issues." *Id.* at 2. And she opined that "the parties should know by" September 11, 2026, "whether final resolution can be achieved." *Id.*

A second mediation is also progressing. On July 7, the bankruptcy court authorized a mediation among the Plan and Litigation Trusts, TRACO, the UCC, and Class A Trust Beneficiaries before the same mediator to mediate disputes between the parties, including as it relates to TRACO's appeals pending before this Court. Bankr. ECF Nos. 6634, 6640; Adv. Proc. No. 24-03261, ECF No. 27.

## ARGUMENT

Steward previously explained why it would be inefficient to brief these appeals while the mediations continue. In essence, doing so leaves Steward, the Commonwealth, and TRACO two unappealing and inefficient options: (i) divert attention from mediation to protect their positions by participating in briefing, or (ii) not participating in briefing and then later presenting overlapping arguments if mediation fails.

The Court's decision to avoid those outcomes is easily justified. As has long been established, the Court has the inherent authority to sequence related matters "with economy of time and effort for itself, for counsel, and for litigants," after weighing competing interests. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *see also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (condemning as "the height of judicial inefficiency" the prospect of multiple adjudications regarding the same

transaction); *In re Beebe*, No. 95-20244, 1995 WL 337666, at *3–5 (5th Cir. May 15, 1995) (stay in light of issues pending in another case initially justified and only improper after 2.5 years without an endpoint for the stay or supervision of the litigation); *cf. Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495–96 (S.D. Tex. 2015) (Hanks, J.) (granting a limited-duration stay because it would cause little prejudice and promote judicial efficiency). Regardless whether Plan Participants' or other parties' appeals will proceed even if the mediations are successful, it would be inefficient and disruptive for the appeals to proceed *now*.

The realities of this case reinforce the soundness of the Court's approach, as the abatement has worked exactly as planned. Judge Harner has reported that the Commonwealth and Steward have nearly resolved their pending disputes. *See* August 27 Status Report at 1–2. Abating merits briefing permitted the mediation to attain the successes while avoiding the inefficiencies of briefing during the mediation. And completing the mediations with the Commonwealth and with TRACO will conserve the resources of this Court, the Commonwealth, TRACO, and Steward.

Plan Participants' contrary arguments are easily dispensed with. Indeed, the Court has heard them twice before—once when it abated briefing and a second time weeks later when Plan Participants initially moved to lift the abatement. They are no more persuasive now. For starters, although nothing "*requires* that all Steward appeals need to be stayed while the Mediations continue," that argument does not address the Court's ample discretion to make the (sound) case-management decision that they should be stayed. Motion at 7–8 (emphasis added). And Plan Participants' own authority holds that "disputes

pertaining to the distribution of the bankruptcy estate" should be resolved not only "swift[ly]," but "efficient[ly]." Motion at 7 (quoting *In re CPDC Inc.*, 221 F.3d 693, 700 (5th Cir. 2000)); *see also* Fed. R. Bankr. P. 1001(a) (mandating not merely "speedy" resolution of matters, but also "just" and "inexpensive" resolution). Moreover, Plan Participants do not even acknowledge the mediation successes Judge Harner reported, let alone address the obvious efficiencies that the Court's case-management strategy has generated so far.

Finally, the Plan Participants will not be prejudiced by a continued abatement. Both the bankruptcy court and this Court have determined that the assets held by the Plans are the property solely of the Steward estate, and therefore the Plan Participants have only an unsecured claim against the estate. Plan Participants have appealed that decision to the Fifth Circuit, where briefing concluded on August 21, 2026. *See In re Steward Health Care System*, No. 26-20150 (5th Cir. Aug. 21, 2026) (ECF No. 46). Argument has not yet been scheduled, and any decision from the Circuit is at least several months away. Unless and until that Court reaches a conclusion contrary to the one this Court and the bankruptcy court reached, Plan Participants' interest in the distribution of Steward's estate—as unsecured creditors—is limited. In other words, the Plan Participants cannot articulate any prejudice from a temporary abatement in deference to active (and, so far, successful) mediations, with status reports filed every 45 days by the mediator.

## CONCLUSION

The Court should deny the Motion and continue the Abatement Order.

Dated: September 9, 2026

Respectfully submitted,

/s/ *Clifford W. Carlson*

**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (24090024)
Stephanie N. Morrison (24126930)
Austin B. Crabtree (24109763)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Clifford.Carlson@weil.com
Stephanie.Morrison@weil.com
Austin.Crabtree@weil.com
-and-

**WEIL, GOTSHAL & MANGES LLP**
Jeffrey D. Saferstein
Gregory Silbert
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Jeffrey.Saferstein@weil.com
Greg.Silbert@weil.com
-and-

**WEIL, GOTSHAL & MANGES LLP**
David J. Cohen
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159
Email: DavidJCohen@weil.com

*Attorneys for Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to Fed. R. Bankr. P. 8015(h) that the foregoing response complies with the type-volume limitation of Fed. R. Bankr. P. 8013(f)(3)(A) because, excluding the items exempted by Fed. R. Bankr. P. 8015(g), this document contains 1,362 words.

/s/ *Clifford W. Carlson*
Clifford W. Carlson

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2026, a true and correct copy of the foregoing was electronically served on all parties registered to receive electronic notice in this case pursuant to the Court's CM/ECF filing system.

/s/ *Clifford W. Carlson*
Clifford W. Carlson